

# UNITED STATES DEPARTMENT OF JUSTICE
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| | | |
|---|---|---|
| In the Matter of Denial of Federal Firearms Application Under Chapter 44, Title 18, United States Code, As A Dealer In Firearms | ) ) ) ) ) | **CHARLOTTE FIELD DIVISION** |
| Licensee: Blackwood Station Outfitters, Inc. 5670 N US 15-501, Pittsboro, North Carolina 27312 | ) ) ) ) ) ) | **FINDINGS AND CONCLUSIONS** |

Blackwood Station Outfitters, Inc. (Licensee), a Dealer of Firearms Other Than Destructive Devices, holds Federal firearms license # 1-56-03195, issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

On August 15, 2024, ATF issued a Notice to Deny Application for License, ATF Form 5300.43 (Notice to Deny) to Licensee via United States Postal Service certified mail.[1] Licensee timely requested a hearing to review that Notice. The hearing was scheduled for November 6, 2024, at the ATF Raleigh Field Division Office.

The hearing was conducted by ATF Director of Industry Operations (DIO) Regina Milledge-Brown, Charlotte Field Division. ATF was represented by Staff Attorney Eric Francum and Deputy Associate Chief Counsel Keith Cave. ATF Industry Operations Investigator (IOI) Teshona McAuley appeared as a witness on behalf of the Government. The Responsible Person, Gordon Keith Allen and an employee, Kimberly Clark, appeared for the Licensee at the proceeding. The hearing was observed by Division Counsel Cortney Randall, Area Supervisor Cathy Hunter, and IOI Thomas DiStefano. The hearing was transcribed by the Government through a court reporter present at the hearing. Both the Government and Licensee had the opportunity to introduce exhibits, question witnesses and make legal and factual arguments. The Government offered testimony and exhibits. The Licensee offered testimony.

**Findings of Fact**

I read the entire transcript of the hearing provided by the court reporter and reviewed the exhibits presented by both sides. Having reviewed the record in this proceeding, I make the following findings:

---

[1] The Federal Firearms License was due to expire on October 1, 2024. Licensee submitted a timely renewal application for the Federal Firearms License on July 31, 2024. The license was under review for a revocation action when the renewal application was received.

1. Licensee received this license in 2006 following a qualification inspection. After the qualification inspection, Gordon Keith, Responsible Person, signed an Acknowledgment of Federal Firearms Regulations form confirming the regulations were reviewed with him on behalf of Licensee. *See*, Government Exhibit 8.

2. Licensee was the subject of a compliance inspection in 2012. Licensee was cited for ten (10) violations of the GCA and was required to attend a Warning Conference. *See*, Government Exhibits 9 through 11. At that inspection, an IOI reviewed the federal firearms regulations with Licensee and answered any questions Licensee had about the regulations. Gordon Keith also signed an Acknowledgment of Federal Firearms Regulations form confirming the regulations were reviewed with him on behalf of Licensee. *See*, Government Exhibit 10.

3. Licensee underwent another inspection in 2013. *See*, Government Exhibits 12 and 13. Licensee was cited again for violating the Gun Control Act. There was one (1) violation. *See*, Government Exhibit 12. At the close of the 2013 inspection, an IOI again reviewed the federal firearm regulations with Mr. Gordon who signed a third Acknowledgement of Federal Firearms Regulations form on behalf of Licensee. *See*, Government Exhibit 13.

4. Licensee was the subject of a third compliance inspection in 2017, during which Licensee was cited for two (2) violations. *See*, Government Exhibit 14. The ATF issued a warning letter to Licensee. *See*, Government Exhibit 15. All violations were fully explained to Licensee and Licensee indicated he understood the requirements of the firearms laws and regulations and that he would take action to eliminate further violations. *Id.*

5. The most recent compliance inspection of Licensee's business premises was conducted by IOI Teshona McAuley. It began on February 28, 2023.

6. As set forth in paragraph 1 of the Notice to Deny, Licensee failed in three (3) instances to conduct a NICS background check in willful violation of 18 U.S.C. § 922(t)(1) and 27 CFR § 478.102(a). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 16A through 16C. In two instances, Licensee accepted law enforcement credentials as an alternate permit to conduct a NICS background check. In another instance, Licensee failed to complete a NICS background check altogether and left the NICS background check section of the ATF Form 4473 blank. This is a repeat violation as cited in the 2012 and 2017 inspections. *See,* Government Exhibits 9 and 14.

7. As set forth in paragraph 2, the Notice to Deny alleges that Licensee made an unlawful sale or delivery of a firearm in violation of State law or published local ordinance in one (1) instance, in willful violation of 18 U.S.C. § 922(b)(2) and 27 CFR § 478.99(b)(2). The Government did not present evidence to support this violation and appropriately addressed on the record that it did not intend to present evidence to show that this violation occurred.

8. As set forth in paragraph 3 of the Notice to Deny, Licensee failed to maintain an accurate/complete/timely disposition record of firearms in its Acquisition and Disposition (A & D) Record, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). The Government presented evidence and testimony to support this violation. *See*, Government Exhibits 1 and 17A through 17G. This is a repeat violation as cited in the 2012, 2013, and 2017 inspections. *See*, Government Exhibits 9, 12, and 14. The Notice to Deny also alleged that Licensee failed to maintain an accurate/complete/timely acquisition record of firearms in its A & D record, however the Government did not present evidence to support this violation. The Government stated on the record that it did not intend to present evidence regarding the acquisition violations cited in the Notice to Deny.

9. As set forth in paragraph 4 of the Notice to Deny, Licensee failed to complete twenty-two (22) ATF Forms 4473 as prescribed in forty (40) instances in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.21(a). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 18A through 18V. This is a repeat violation as cited in the 2012 inspection. *See*, Government Exhibit 9.

10. As set forth in paragraph 5 of the Notice to Deny, Licensee failed to obtain completed ATF Forms 4473 in eleven (11) instances on two (2) ATF Forms 4473 in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(1). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, 19A, and 19B. This is a repeat violation as cited in the 2012 inspection. *See*, Government Exhibit 9.

11. As set forth in paragraph 6 of the Notice to Deny, Licensee failed to record NICS contact information on one (1) ATF Form 4473 in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(iv). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibit 1 and 20. This is a repeat violation as cited in the 2012 inspection. *See*, Government Exhibit 9.

12. As set forth in paragraph 7 of the Notice to Deny, Licensee failed to sign and/or date sixteen (16) ATF Forms 4473 in thirty-two (32) instances, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(5). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 21A through 21P. This is a repeat violation as cited in the 2012 inspection. *See*, Government Exhibit 9.

13. As set forth in paragraph 8 of the Notice to Deny, Licensee failed to record an identification document in one (1) instance in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(i). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 22. This is a repeat violation as cited in the 2012 inspection. *See*, Government Exhibit 9.

14. Responsible Person for Licensee, Gordon Keith Allen, testified that he does not contest that the violations occurred and stated that he was in "full agreement" with the violations reviewed at the hearing. Licensee further testified that he had terminated his part-time employees and that no one entered anything into the books except for himself and his employee, Kimberly Clark. Licensee further asserted that he was actively taking steps to "eliminate any problems" going forward.

**Conclusions of Law**

Under the provisions of 18 U.S.C § 923(d)(1)(C), and 27 C.F.R. § 478.47(b), the Attorney General shall approve an application for a Federal Firearms License if, among other criteria, the applicant has not willfully violated any provisions of the Gun Control Act, or any rules or regulations prescribed thereunder. For purposes of 18 U.S.C. § 923, a "willful" violation occurs when the Licensee had knowledge of the GCA and either purposefully disregards the requirements or is plainly indifferent to them. *American Arms, Int'l v. Herbert*, 563 F.3d 78, 85 (4th Cir. 2009); *CEW Props v. United States DOJ*, 979 F.3d 1271,1279 (10th Cir. 2020); *Simpson v. AG United States*, 913 F.3d.110, 114 (3d Cir, 2019); *The General Store v. Van Loan*, 560 F.3d 920, 924 (9th Cir. 2009); *Armalite, Inc. v. Lambert*, 544 F.3d 644, 648 (6th Cir. 2008); *On Target Sporting Goods, Inc. v. Attorney General*, 472 F.3d 572 (8th Cir. 2007); *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492 (7th Cir. 2006); *Willingham Sports, Inc. v. BATF*, 415 F.3d 1274 (11th Cir. 2005). *See also, Bryan v. United States*, 524 U.S. 184, 197-198 (1998). In several instances, the courts have held that ATF may revoke an FFL based on a single willful GCA violation. *Fairmount Cash Mgmt., L.LC. v. James*, 858 F. 3d 356, 362 (5th Cir, 2017); *American Arms, Int'l v. Herbert*, 563 F.3d at 86; *DiMartino v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001). It is not necessary that a licensee act with "bad purpose or evil motive." *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 497-98 (7th Cir. 2006); *Prino v. Simon, 606 F.2d 449, 451* (4th Cir. 1979) ("no showing of malicious intent is necessary" to show willfulness).

Prior to being inspected in 2023, Licensee had a qualification inspection and three (3) compliance inspections. In 2006, 2012, and 2013, an ATF Investigator reviewed the federal regulations with Licensee, as evidenced by the Acknowledgement of Federal Firearms Regulations forms, which were signed by Licensee. During those reviews, Licensee was offered an opportunity to ask questions or seek clarification. Licensee also received a Report of Violations for the 2012, 2013, and 2017 inspections, attended a Warning Conference in 2012 and received a Warning Letter in 2017. During each of these instances, Licensee was given a chance to further review and understand the violations for which he was cited.

The documents and testimony support the contention that Licensee is a veteran FFL who undoubtedly knew and understood the requirements that he must properly conduct NICS checks when required, to timely and accurately record the disposition of firearms in the A & D record, and to ensure that the ATF Form 4473 is fully and accurately completed by the transferee and Licensee in all instances and indeed periodically complied with these provisions on many occasions. Accordingly, in the cited instances his failure to take sufficient care to comply with the requirements of the GCA may be deemed as willful GCA violations. See *CEW Props v. United States DOJ*, 979 F.3d 1271 at 1279-81.

It is undisputed that in three (3) instances Licensee failed to conduct a required NICS background check. In two instances, the Government presented evidence that Licensee improperly accepted law enforcement credentials in lieu of conducting a NICS check. In a third instance, Licensee failed to conduct a NICS check altogether before transferring a firearm and left the NICS background check section of the ATF Form 4473 completely blank.

Additionally, the Government presented documents showing undisputed violations regarding the requirements to properly and accurately complete the A & D Record. On multiple occasions, Licensee failed to properly record the disposition of firearms in the A & D record, leaving the disposition section completely blank or failing to entirely complete the disposition section of the A & D record.

Finally, the Government presented documents establishing that the Licensee failed to comply with specific instructions on the ATF Form 4473. Licensee transferred firearms without ensuring proper completion of Sections A, B, C, and E of the ATF Form 4473 in multiple instances, despite the form stating that they must be completed prior to the transfer of any firearm.

The cited violations included repeat violations in which Licensee failed to conduct a NICS background check when required, failed to accurately record dispositions in its A & D record, and failed to accurately complete the ATF Form 4473 during firearms transactions. During Licensee's prior compliance inspections in 2012, 2013, and 2017, Licensee was given guidance and provided opportunities to ask questions about how to comply with federal firearms statutes and regulations. Licensee undoubtedly knew the importance of complying with the regulations, knew how to comply with them, yet was plainly indifferent to his known obligations to comply with the GCA and its regulations.

During the hearing, Licensee did not contest the violations. Licensee did maintain he was attempting to eliminate future violations. A federal firearms licensee has a duty to be cognizant of the rules and regulations issued by ATF and to follow those mandates. Licensee is a veteran FFL that knows and understands his responsibilities. Furthermore, Licensee was specifically counseled on his prior violations and acknowledged the Federal Firearms regulations with an ATF Investigator.

I find that Licensee willfully violated 18 U.S.C. § 922(t)(1) and 27 CFR § 478.102(a) when he failed to conduct a NICS background check or obtain a valid alternative permit.

I do not find that Licensee willfully violated 18 U.S.C. § 922(b)(2) and 27 CFR § 478.99(b)(2) by making an unlawful sale or delivery of a firearm in violation of State Law or published local ordinance.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e) when he failed to maintain an accurate/complete/timely disposition of firearms in his A & D record. I do not find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27

C.F.R. § 478.125(e) by failing to maintain an accurate/complete/timely acquisition of firearms in his A & D record.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.21(a) when he failed to complete the ATF Forms 4473 as prescribed prior to the transfer of firearms.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(1) when he failed to obtain completed ATF Forms 4473 prior to the transfer of firearms.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(iv) when he failed to record NICS contact information on the ATF Form 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(5) when he failed to sign and/or date multiple ATF Forms 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(i) when he failed to record an identification document on the ATF Form 4473.

As such, I conclude that the Licensee willfully violated the provisions of the Gun Control Act, as amended, and the regulations issued thereunder. Accordingly, as provided by 18 U.S.C. § 923(d) and 27 C.F.R. § 478.71, the application submitted by Blackwood Station Outfitters, Inc. to renew its Federal firearms license is hereby DENIED.

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____, filed by:

or

☑ License Number 1-56-03195 _____ as a/an

Dealer in Firearms other than Destructive Devices _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
Blackwood Station Outfitter Inc
5670 N 15 501
Pittsboro, NC 27312

---

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____,

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

  ☑ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

   ☑ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

   ☐ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 3600 Arco Corporate Drive, Suite 500, Charlotte, NC 28273 _____,
prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 01/27/2025 | Regina Milledge-Brown, Director of Industry Operations | *Regina Milledge-Brown* |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 9589071052702396651924

**Or**

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 01/27/2025 | Director of Industry Operations | *Regina Milledge-Brown* |

| Print Name and Title of Person Served | Signature of Person Served |
|---|---|
| Gordon Keith Allen, President | |

Address Where Notice Served
5670 N 15 501, Pittsboro, NC 27312

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Washington DC*

www.atf.gov

## IMPORTANT NOTICE

### Selling Firearms AFTER Revocation, Expiration, or Surrender of an FFL

Former Federal Firearms licensees (FFLs) who continue to sell firearms after the revocation, expiration, or surrender of their license are subject to the same rules as persons who have never been licensed in determining whether they are "engaged in the business" of selling firearms without a license in violation of 18 U.S.C. § 922(a)(l)(A). Accordingly, former licensees who wish to dispose of any remaining business inventory must adhere to the following guidance:

Business inventory must be disposed of by the former FFL in a manner that, objectively, does not constitute being engaged in the business of dealing in firearms using the same facts and circumstances test that would apply to persons who have never been licensed.

The preferred manner of disposition is for the former licensee to:

- Arrange for another FFL to purchase the business inventory (and other assets) of the business; or
- Consign the inventory to another FFL to sell on consignment, or at auction.

Should a former FFL decide against those options, he/she should be aware that future sales - whether from his/her personal firearms collection or otherwise - will be evaluated for a potential violation of 18 U.S.C. § 922(a)(l)(A), just as would occur with a person who had never been licensed.

If a former FFL is disposing of business inventory, the fact that no purchases are made after the date of license revocation, expiration, or surrender does not immunize him/her from potential violations of 18 U.S.C. § 922(a)(l)(A). Instead, business inventory acquired through repetitive purchases while licensed are attributed to the former FFL when evaluating whether subsequent sales constitute engaging in the business of dealing in firearms without a license.

ATF remains committed to assisting former licensees in complying with Federal firearms laws. If you have questions, please contact your local ATF office.

CURTIS GILBERT
Digitally signed by CURTIS GILBERT
Date: 2022.04.04 16:12:22 -04'00'

Curtis Gilbert
Deputy Assistant Director (Industry Operations)
Field Operations